Joseph S. Farzam, SBN 210817
**JOSEPH FARZAM LAW FIRM**
A Professional Law Corporation
11766 Wilshire Blvd., Suite 280
Los Angeles, California 90025
Telephone: (310) 226-6890
Fax: (310) 226-6891

Nicole Lahmani, Esq. SBN 278182
**LAHMANI LAW, APC**
1539 E. Fourth Street
Santa Ana, CA 92701
Telephone: (949) 202-1111
Fax: (855) 700-0529

Attorneys for David Miner

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| David Miner, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | 1. **VIOLATION OF THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION CIVIL RIGHTS PURSUANT TO 42 USC §1983 AND DELIBERATE INDIFFERENCE TO DANGER TO INMATES, FAILURE TO REASONABLY INTERVENE AND PROTECT INMATES OF PRISON FROM INJURY, RETALIATION, EXCESSIVE FORCE** |
| County of Orange, Orange County Sheriff's Department, and Does 1 to 100 | |
| Defendants | 2. **VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983** |
| | 3. **NEGLIGENCE** |

Plaintiff David Miner (hereinafter "Plaintiff"), for causes of action against Defendants, and each of them, alleges as follows:

1

2                                    **INTRODUCTION**

3          This civil rights action seeks compensatory and punitive damages from Defendants for

4    violation of various rights under the United States Constitution in connection with the unlawful

5    assault of the Plaintiff on March 9, 2020.

6                                        **PARTIES**

7          1.      Plaintiff David Miner, an individual, is, and at all times mentioned herein, was a

8    citizen of the United States of America, born September 5, 1970, residing in the City of Stanton

9    in the County of Orange, State of California.

10         2.      Plaintiff David Miner, an individual, at all times mentioned herein, was an inmate

11   incarcerated at Theo Lacy Jail located at 501 City Drive South Orange, CA 92868 operated,

12   managed, and controlled by the Orange County Sheriff's Department and The County of Orange.

13         3.      Defendant Orange County Sheriff's Department is, and at all times mentioned

14   herein, was, a government agency acting under the exclusive authority, jurisdiction, and

15   command of the County of Orange, responsible for the operation of Orange County, California

16   state corrections, rehabilitation, probation, parole systems, and the operation and management of

17   Orange County jail systems, including, but not limited to the enforcement, investigation,

18   supervision, and monitoring of county inmates.

19         4.      Defendant County of Orange is, and at all times mentioned herein, was, a

20   government agency acting under the exclusive authority, jurisdiction, and command of the

21   county of Orange, responsible for the operation of Orange County, California state corrections,

22   rehabilitation, probation, parole systems, and the operation and management of Orange County

23   jail systems, including, but not limited to the enforcement, investigation, supervision, and

24   monitoring of county inmates.

25         5.      The true names or capacities, whether individual, associate, corporate, or

26   otherwise of those Defendants sued herein as Does 1-100, inclusive, and each of them, are

27   unknown to Plaintiff, who therefore sues said Doe Defendants by such fictitious names.

28   Plaintiffs will seek leave of the Court to amend this complaint to show such true names and

     capacities when he has ascertained the same. Plaintiff is informed and believes, and based

                                      COMPLAINT

1 | thereon alleges, that each of the Doe Defendants is in some manner responsible for the actions or
2 | events described herein.

3 |       6.    Plaintiff is informed and believes, and thereon alleges, that all Defendants were
4 | the principals, employers, joint venturers, co-conspirators, alter egos, alternate entities,
5 | employees, contractors, servants and/or agents of each other Defendant and that each and every
6 | act, failure to act, or omission alleged to have been performed by any one Defendant, was done
7 | with the authority, permission, or knowledge of each of the other Defendants, or alternatively,
8 | that each act, failure to act, or omission alleged to be attributable to any Defendant herein was
9 | ratified by each of the remaining Defendants. All delegations, acts, failures to act, omissions of
10 | Defendants, and each of them, were done within the course and scope of employment or
11 | contractual relationship. Based on such, Defendants, and each of them, are directly or vicariously
12 | liable for the acts and omissions of all other Defendants under respondeat superior or any other
13 | applicable legal theory.

14 |       7.    Defendant County of Orange and Orange County Sheriff's Department, and Does
15 | 1 through 100, inclusive, will at times be collectively referred to herein as "Defendants."

16 | **JURISDICTION**

17 |       8.   Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1
18 | through 7 above and incorporates the same herein by reference as though set forth in full.

19 |       9.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and
20 | 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States
21 | including 42 U.S.C §1983 and the Eighth Amendment of the United States Constitution. This
22 | Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28
23 | U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of
24 | the same case or controversy under Article III of the United States Constitution.

25 |       10.    Venue is proper in this Court under 28 U.S.C. §1391(b) because
26 | Defendants reside in this district and all incidents, events, and occurrences giving rise to this
27 | action occurred in this district.

28 |

11. Plaintiff timely filed an administrative claim for money or damages against the County of Orange on July 16, 2020, pursuant to California Government Code Section 910, which requires the exhaustion of administrative relief prior to filing suit or bringing a cause of action arising from a claim of personal injury.

12. The County of Orange and Government Claims Board Government Claims Program thereafter denied Plaintiff's claim for injury, in writing, on October 13, 2020, thereby exhausting the administrative relief requirement pursuant to California Government Code Section 910. Plaintiff now timely brings suit accordingly.

## SPECIFIC ALLEGATIONS

13. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 12 above and incorporates the same herein by reference as though set forth in full.

14. At all times mentioned herein, Plaintiff was an incarcerated jail inmate at the Theo Lacy Facility in Orange County, CA. Initially, Plaintiff was placed in protective custody as a "290", otherwise known as crimes against persons involving sexual assault and crimes against public decency and good morals.

15. On or about October 2019, Plaintiff was moved out of protective custody and to a new cell.

16. Plaintiff paired with a cellmate, known as Prentiss Hill, who was incarcerated on murder charges. Defendants had specific knowledge that Prentiss Hill was approximately 300 pounds and murdered a woman by beating her to death. Defendants had specific knowledge that Plaintiff was incarcerated for a "290" charge.

17. At or near the time that Prentiss Hill and Plaintiff were paired together as cellmates, Plaintiff learned that Prentiss Hill had just been released from protective custody for fighting in the general population approximately two weeks prior.

18. On March 9, 2020, Plaintiff's cellmate, Prentiss Hill, perpetrated and carried out a violent attack on Plaintiff. During the course of the violent attack, guards failed to stop, intercede, or in any way prevent the attack from occurring. In fact, guards were nearby but did not enter the dormitory areas to quell the attack. .At the time of the attack, Defendants were in

COMPLAINT

the position and authority to lawfully intervene in and prevent the unjustified and unwarranted use of force against Plaintiff by Defendants and to intervene and prevent the attack.

19.   Plaintiff was unarmed and was an unwilling target of the violent attack. As a result of this attack, Plaintiff suffered serious, life threatening, permanent injuries including but not limited to multiple right rib fractures of the right 8th, 9th and 10th ribs, fractures to the left anterior 7th, 9th and 10th ribs, maxilary fracture right side, nasal bone fractures, subdural hemorrhage, closed scapular fracture, left pneumothorax (collapsed lung) and injury to internal organs.

20. Guards supervising the jail failed to intercede, prevent, or otherwise stop the violent attack against Plaintiff. During the attack, Plaintiff suffered from the multiple injuries sustained, and would consequently suffer scarring on his ribcage, scarring on his knees, scarring on his back, and underwent a nose reconstruction, and suffered severe emotional distress as a result of Defendants' had specific knowledge of Plaintiff's charges and thereby his specific risk for attack as well as his cell mate's propensity for severe, physical violence. Defendants failed to protect Plaintiff, failed to intervene, and engaged in retaliation against Plaintiff despite knowledge of Plaintiff's specific risk for attack.

## FIRST CAUSE OF ACTION

**Violation of Civil Rights Pursuant to 42 USC § 1983 and of the Fifth, the Eighth and the Fourteenth Amendment to the United States Constitution**

**(As to all Defendants and Does 1 through 100)**

21. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 20 above and incorporates the same herein by reference as though set forth in full.

22. At all times mentioned herein, Plaintiff was incarcerated in the Theo Lacy Facility located in Orange, California.

23.   Defendants owed Plaintiff a duty of care owed Plaintiff a duty of care under the 5th, 8th and 14th Amendments of the U.S. Constitution to provide humane conditions of confinement, including, but not limited to, protection from violence at the hand of other prisoners. Defendants further owed Plaintiff a duty of care under the 5th 8th and 14th Amendment of the U.S. Constitution not to subject Plaintiff to cruel and unusual punishment, and not violate

his rights to due process by failing taking action and showing deliberate indifference to the dangerous conditions of known violent inmates, to which they subjected Plaintiff, and violated his right to a reasonably safe prison environment and did not attempt to safeguard inmates from an impending attack.

24. Defendants at all times had specific knowledge that inmates of the Theo Lacy Facility, and in particular Plaintiff who was incarcerated for a PC 290 charge and was placed in protective custody, faced a substantial risk of imminent serious harm, in the form of violence. This jail in particular houses those charged with the most offensive, dangerous crimes including murder, and failed to take action to protect Plaintiff from other violent offenders in retaliation against Plaintiff and in violation of his rights against cruel and unusual punishment.

25. Defendants, by reckless act or omission, disregarded the substantial risk of serious harm to the jail inmates by failing to take reasonable measures to abate the impending harm. Furthermore, Defendants took no reasonable measures to abate the impending harm or to ensure the health and safety of the jail inmates, including that of present Plaintiff. Defendants additionally failed to adequately protect or ensure the safety of its jail inmate, including that of Plaintiff, and knew inmates such as Plaintiff could do nothing to protect themselves and had to depend on Defendants. Defendants additionally failed to adequately protect or ensure the safety of its prison inmates

26. As a direct and proximate result of Defendants' knowledge of substantial risk of serious harm to Plaintiff, Defendant's retaliation against Plainif, and Defendants' subsequent failure to take reasonable measures to abate the impending harm or to ensure the health and safety of its jail inmates, on March 9, 2020, when a violent attack by a Plaintiff's cell mate, a man charged with murder for beating a woman to death, Plaintiff suffered serious bodily injury at the hands of fellow jail inmate. Plaintiff suffered serious bodily injury at the hands of a fellow prison inmate, when such harm could have been avoided and at the very least ameliorated.

27.    Defendants exercised deliberate indifference and recklessness as a result of their knowledge of the substantial risk of serious harm, in the form of physical violence as a result of and subsequent failure to take reasonable measures to abate the impending serious harm. Such deliberate indifference by Defendants shocks the conscience and violates the 5th, 8th and 14th

Amendment of the U.S. Constitution, and is a breach Defendants' duty to protect prisoners from violence at hands of other prisoners. Such deliberate indifference further constitutes cruel and unusual punishment, in further violation of Plaintiff's constitutional rights under the 5th, 8th and 14th Amendment.

28. As a direct and proximate result of Defendants' recklessness, breach of their duty of care, and deliberate indifference, Plaintiff has suffered severe mental, emotional and physical injuries, has endured great pain and suffering, and has been forced to incur, and will in the future incur expenses, including, but not limited to, medical, psychological, psychiatric, hospital, loss of future wages, and earning capacity, as well as legal expenses and fees.

29. Plaintiff is thereby entitled to general, special, and compensatory damages against all Defendants in an amount to be proven at trial.

30.    Defendants are not entitled to qualified immunity in that they could not reasonably believe that their actions and omissions and doing nothing to prevent physical harm by locking innocent, peaceful inmates with inmates known to be violent, were lawful. In fact, they had to know that their actions and omissions were in grave violation of the Constitutional rights of the inmates and Plaintiff.

## SECOND CAUSE OF ACTION

### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983

### (As to all Defendants and Does 1 through 100)

31. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 30 above and incorporates the same herein by reference as though set forth in full.

32. At all times mentioned herein, Plaintiff was an incarcerated state jail inmate with the Theo Lacy Facility located in Orange, California.

33.    At all times relevant hereto, and at the time of Plaintiff's sustained Plaintiff has suffered severe mental, emotional and physical injuries, and as a result has endured great pain and suffering. Defendants owed a duty of care to all inmates

34.    Furthermore, pursuant to 42 U.S.C. § 1983, "Every person who, under the color of any statute, ordinance, regulation, custom, or usage…subjects any citizen to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

1  party injured in an action of law…" Defendants' deliberate indifference as a result of their

2  knowledge of the substantial risk of serious harm, in the form of physical violence as a result of

3  heightened knowledge of Plaintiff's cellmate propensity for physical violence, and subsequent

4  failure to take reasonable measures to abate the impending serious harm, shocks the conscience

5  and constitutes cruel and unusual punishment as both defined and proscribed by the Fifth, Eighth

6  and fourteenth Amendments to the Constitution of the United States of America. The deprivation

7  of Plaintiff's Fifth, Eighth and Fourteenth Amendments Constitutional rights by virtue of

8  Defendants' conduct thereby imposes liability on the part of Defendants, for Plaintiff's injury in

9  the present action of law arising out of a violation under color of law of Plaintiff's civil rights

   guaranteed under the United States Constitution.

10      35. Pursuant to 42 U.S.C. § 1983, Defendants' failure to provide Plaintiff with adequate

11  housing and safety from harm, constitutes a deprivation of rights and privileges, for which

12  liability can be attributed to Defendants for Plaintiff's injury arising from the present civil rights

13  violation, of violation of the 5th, 8th and 14th amendments

14      36. Furthermore, as a direct and proximate result of Defendants' negligent and reckless

15  acts and omissions, Plaintiff has suffered severe mental, emotional and physical injuries, has

16  endured great pain and suffering, and has been forced to incur, and will in the future incur

17  expenses, including, but not limited to, medical, psychological, psychiatric, hospital, loss of

18  future wages, and earning capacity, as well as legal expenses and fees.

19      37. Plaintiff is thereby entitled to general, special, and compensatory damages against all

20  Defendants in an amount to be proven at trial.

21                          **THIRD CAUSE OF ACTION**

22                              **NEGLIGENCE**

23      38. Plaintiffs re-alleges each and every paragraph in this complaint as if fully set forth

24  herein.

25      39. At all times, each Defendant owed Plaintiffs the duty to act with due care in the

26  execution and enforcement of any right, law or legal obligation.

27      40. At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

28      41. These general duties of reasonable care and due care owed to Plaintiff by all

                                    -8-

1  Defendants include, but are not limited to the following specific obligations.

2      A. To refrain from using excessive and/or unreasonable force against Plaintiff;

3      B. To refrain from unreasonably creating the situation where force, including but not

4          limited to deadly force, is used;

5      C. To refrain from abusing their authority granted to them by law;

6      D. To use tactics and force appropriate for a person that has consumed alcohol;

7      E. To retrain from violating Plaintiffs' rights guaranteed by the United States California

8          Constitution, as set forth above, and as otherwise protected by law;

9      F. Additionally, these general duties of reasonable care and due care owed to Plaintiffs

10         by Defendants City of Salinas, Chief McMillin and Does 1-10, include but are not

11         limited to the following specific obligations:

12     G. to properly and adequately hire, investigate, train, supervise, monitor, evaluate and

13         discipline their employees, agents, and/or law enforcement officers to ensure that

14         those employees/agents/officers act at all times in the public interest and in

15         conformance with the law;

16     H. to make, enforce, and at all times act in conformance with policies and customs that

17         are lawful and protective of individual rights, including plaintiffs'

18     I. to refrain from making, enforcing, and/or tolerating the wrongful policies and

19         customs set forth at paragraph 34, above.

20     J. Defendants, through their acts and omissions, breached each and every one of the

21         aforementioned duties owed to the Plaintiffs.

22     K. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained

23         injuries and damages, and against each and every Defendant. Plaintiff is entitled to

24         relief as set forth above, and punitive damages against Defendants Orange County

25         Sheriff's Department, The County of Orange, and Does 1-100 in their individual

26         capacities.

27

28 WHEREFORE, Plaintiff requests judgment as follows:

1    A. For compensatory damages in excess of $75,000.00 in whatever other amount may be

2    proven at trial,

3    B. For punitive damages against the individual defendants in an

4    amount to be proven at trial;

5    C. For statutory damages;

6    D. For interest;

7    E. For reasonable attorneys' fees, including litigation expenses;

8    F. For costs of suit; and

9    G. For such further other relief as the Court may deem just, proper,

10    and appropriate.

11

12    **A Jury trial is hereby demanded.**

13    Date: April 13, 2021

14

15    By: _____

16        Joseph S. Farzam, Esq.
        Attorney for Plaintiff,
17        DAVID MINER

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT